# NO. 12-12-00161-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *VERLINE HYTER LUQMAN,* <br> *APPELLANT* | § | *APPEALS FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Verline Hyter Luqman appeals her conviction for manufacture or delivery of a controlled substance, cocaine. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was charged by indictment with the offense of manufacture or delivery of a controlled substance, cocaine, in an amount of four grams or more, but less than two hundred grams, a first degree felony.[1] Appellant entered an "open" plea of guilty to the offense charged in the indictment. Appellant and her counsel signed various documents in connection with her guilty plea, including a stipulation of evidence in which Appellant swore that all allegations pleaded in the indictment were true and correct.

After a punishment hearing, the trial court adjudged Appellant guilty of manufacture or delivery of a controlled substance, cocaine, as set forth in the indictment, and assessed her

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2010).

punishment at life imprisonment, court costs, and restitution.[2]  This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.  From our review of Appellant's brief, it is apparent that her counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.  We have reviewed the record for reversible error and have found none.[3]  *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

### CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  We are in agreement with Appellant's counsel that the appeal is wholly frivolous.  Accordingly, his motion for leave to withdraw is hereby *granted*, and the trial court's judgment is *affirmed*. *See* TEX. R. APP. P. 43.2.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or she must file a pro se petition for discretionary review.  *See In re Schulman*, 252 S.W.3d at 408 n.22.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last

---

[2] An individual adjudged guilty of a first degree felony shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than five years and, in addition, a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.32 (West 2011).

[3] Counsel for Appellant certified that he provided Appellant with a copy of his brief and informed Appellant that she had the right to file her own brief. Appellant was given time to file her own brief, but the time for filing such a brief has expired and we have received no pro se brief.

timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered April 3, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**APRIL 3, 2013**

**NO. 12-12-00161-CR**

**VERLINE HYTER LUQMAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeals from the 241st Judicial District Court

of Smith County, Texas. (Tr.Ct.No. 241-1567-11)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that Appellant's counsel's motion to withdraw is **granted**, the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*